UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE JACKSON,   No. 07-11252

    Plaintiff,   District Judge Arthur J. Tarnow

v.   Magistrate Judge R. Steven Whalen

DTE ENERGY COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss [Docket #7], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). Because the Plaintiff has failed to show that this Court has subject matter jurisdiction, I recommend that the Motion be GRANTED, and that her Complaint be DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 12(b)(1).

### I.   FACTS

Plaintiff's *pro se* complaint, naming DTE Energy as Defendant, is brief, and reads as follows, in its entirety:

> "This complaint against DTE Energy is for gross overcharging me for my gas bill for over 9 years. My attempt to recover my monies was only met with fraud and conspiracy to cover up the fact that they owed me. I contacted several departments all with the same results, nothing. Detailed information is

attached.[1]

"It was not until I contacted Howard Bradshaw from the Public Service Commission when it was determined that DET (sic DTE) did owe and had to refund my money for the past 3 years. I am seeking compensatory damages for my loss of my automobile, total refund for all years and punitive damages–DTE should pay the same percentage of their gross profits as the percentage of the overcharge of my gross wages. This should be calculated annually. Plus all court cost."

In its motion to dismiss, Defendant argues that (1) DTE is merely a "holding company," and the Michigan Consolidated Gas Company ("MichCon") is the real party in interest; (2) this Court lacks subject matter jurisdiction; and (3) the Michigan Public Service Commission ("MPSC") has primary jurisdiction over this case, and any dispute over billing must be resolved in that forum. However, because it is clear that the complaint must be dismissed under Rule 12(b)(1), it is not necessary to discuss Defendant's other arguments for dismissal.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

## III. ANALYSIS

---

[1] Attached to the complaint is correspondence between Plaintiff and DTE concerning overcharges.

This Court may have subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. §1332, or based on a federal question, 28 U.S.C. §1331.

### A. Diversity Jurisdiction

In diversity cases, federal courts have original jurisdiction when there exists a controversy between citizens of different states and a jurisdictional amount of at least $75,000 is at stake. 28 U.S.C. §1332. Complete diversity of citizenship is required under §1332. *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 803 (6th Cir. 2008). In the present case, the Plaintiff is a citizen of Michigan. The Defendant, DTE, is a Michigan corporation. *See* Articles of Incorporation, Defendant's Motion to Dismiss, Exhibit 1. There is no complete diversity of citizenship, and hence no jurisdiction under 28 U.S.C. §1332.

### B. Federal Question Jurisdiction

Under 28 U.S.C. §1331, district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. "To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 325 (6th Cir. 2007); *Palkow v. CSX Transp., Inc.,* 431 F.3d 543, 552 (6th Cir.2005) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) and *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

The complaint in this case sets forth no claim based on federal law. It is based on

Plaintiff's allegation that for years, the Defendant has overcharged her.[2] In her response to the motion to dismiss, Plaintiff answers the Defendant's jurisdictional argument by stressing that her claim is not for back overpayment, but for damages. But that distinction is irrelevant in determining whether the complaint is based on federal law. Neither in her complaint nor in her responses to the Defendant's motion has she met her burden of explaining why she is entitled to relief in federal court. Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id.*

Given the absence of subject matter jurisdiction, it is not necessary for the Court to address the Defendant's argument regarding the "primary jurisdiction" of the Michigan Public Service Commission, other than to note that the Plaintiff's remedy at this point lies with the MPSC, which indeed has jurisdiction over these types of complaints.

---

[2] The Complaint also alleges that the Defendant engaged in fraud and conspiracy. Apart from the fact that those claims are not grounded in federal law, they are insufficient on their face. Under Fed.R.Civ.P. 9(b), fraud must be pled with particularity. Furthermore, in *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient...."

## IV.   CONCLUSION

I therefore recommend that Defendant's Motion to Dismiss [Docket #7] be GRANTED, and the Complaint DISMISSED under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          S/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2008.

                                          S/G. Wilson
                                          Judicial Assistant